David P. Myers (SBN 206137)
Justin M. Crane (SBN 251107)
Jason Hatcher (SBN 285481)
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff CHRISTONE FELTZS,
and all others similarly situated.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTONE FELTZS, on behalf of himself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>COX COMMUNICATIONS CAL., LLC, a Delaware Limited Liability Company; COX ENTERPRISES, INC., a Delaware Corporation; COX COMMUNICATIONS, INC. a Delaware Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No.: 8:19-cv-02002-JVS-JDE<br><br>SECOND AMENDED COMPLAINT<br><br>1. **Unpaid Wages Due to Illegal Rounding**<br>2. **Failure to Provide Meal Periods**<br>3. **Failure to Pay All Wages Due at Separation**<br>4. **Failure to Provide Accurate Wage Statements**<br>5. **Unfair Competition**<br>6. **Private Attorneys General Act**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CHRISTONE FELTZS, on behalf of himself, and all others similarly situated and the general public (hereinafter referred to as "Plaintiff"), hereby files this proposed class action against Defendant COX ENTERPRISES, INC.; COX COMMUNICATIONS CAL, LLC, a California Corporation; and DOES 1 through 100 (hereinafter collectively referred to as "Defendants").  Plaintiff is informed and believes, and on the basis of that information and belief, alleges as follows:

## I.        INTRODUCTION

1.        This is a civil class action brought on behalf of Plaintiff and all other individuals who worked for Defendants in California as hourly non-exempt employees at any time during the four years preceding the filing of this action, and continuing until class certification ("Class Period"), who Defendants failed to pay all earned wages due to unlawful rounding, failed to provide meal breaks or meal period premium pay in lieu thereof, failed to pay all wages due at separation, failed to provide accurate wage statements and for violating the California Unfair Competition Law.

2.        Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory penalties. Plaintiff seeks to represent the following Class:

> All current and former California hourly non-exempt employees of Defendants for the period of July 25, 2015 through the date of class certification who provided installation and maintenance services for Defendants as a Universal Home Technician In-training, Universal Home Technician, Field Service Technician, Field Service Representative. ("the Class").

3.        This civil action seeks recovery of unpaid wages, waiting time penalties, and statutory penalties for Defendants' violations of California Labor Code ("Labor Code") §§200, *et seq.*, 203, 218, 218.5, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1198 and the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)").  The Plaintiff for himself, and on behalf of the general public, and all others similarly situated, brings an action for monetary damages for failure to pay wages, declaratory relief and restitution for Defendants' violations of California Business and Professions Code ("B&PC") §17200, *et seq.*, including full restitution of all compensation retained by Defendants, as a result of its unlawful, fraudulent, and unfair business practices.  Further, Plaintiff seeks injunctive relief

SECOND AMENDED COMPLAINT

under <u>B&PC</u> §17200, *et seq.*

4.      The term "Plaintiff" refers to Christone Feltzs, who is the named Plaintiff Class Representative.

5.      Plaintiff seeks all available relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits retained by Defendants, in addition to injunctive relief, as a result of Defendants unlawful and unfair business practices.  The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of this action, up to and through the date class certification for this matter is ordered (hereinafter, the "Relevant Time Period").

## II.      JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court because it is a civil action where the amount in controversy, exclusive of interests and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California, and all Defendants have subjected themselves to the State of California.

7.      The California Superior Court has jurisdiction in this matter due to Defendants' violations of California <u>Labor Code</u> §1194, *et seq.*; <u>Labor Code</u> §201, *et seq.*; <u>Labor Code</u> §§226, 226.7, and 226.8; <u>Labor Code</u> §500, *et seq.*; <u>B&PC</u> §17200, *et seq.*; the applicable IWC Wage Order(s) and related common law principles.

8.      The Orange County Superior Court is the proper venue for this action pursuant to <u>CCP</u> §395(a) and §395.5 as, at all relevant times, Defendants conducted business and engaged in acts and omissions which are subject matter of this Complaint in the County of Orange. Defendants maintain a business location in Foothill Ranch, California, and Plaintiff and the other class members transacted Defendants' business within the County of Orange and throughout the State of California.

## III.      PARTIES

9.      Plaintiff Christone Feltzs (hereafter "Plaintiff") is now and/or at all times mentioned in this Complaint was a resident of the State of California and the County of San Bernardino.  Plaintiff worked for Defendant as a non-exempt hourly employee in the state of California.

SECOND AMENDED COMPLAINT

10.     Plaintiff seeks for himself, and the entirety of the class, seek all unpaid minimum wages, overtime wages, and double time wages owed due to Defendants' unlawful rounding practice, pursuant to Labor Code §§510, 1194, 1194.2, 1197, 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order.

11.     Plaintiff seeks for himself, and the entirety of the class, all unpaid meal period premium pay for each day Defendant failed to provide a compliant meal period, pursuant to Labor Code §§512, 226.7 and the applicable Industrial Welfare Commission ("IWC") Wage Order.

12.     Plaintiff seeks for himself, and the entirety of the class who no longer works for Defendants, all unpaid wages and waiting time penalties, pursuant to Labor Code §203.

13.     Plaintiff seeks for himself, and the entirety of the class, for violations of Labor Code §226(a) in providing accurate and compliant wage statements, the greater of actual damages or penalties from Defendant pursuant to Labor Code §226(e).

14.     Defendant COX COMMUNICATIONS CAL, LLC ("Cox Cal") is now and/or at all times mentioned in this Complaint a Delaware limited liability company, licensed to do business and actually doing business in the State of California.

15.     Defendant Cox Cal is and has been an "employer" of Plaintiff and the class under the meaning of the California Labor Code, common law, and the applicable IWC Wage Orders at all relevant times.

16.     Defendant COX ENTERPRISES, INC. ("CEI") is now and/or at all times mentioned in this Complaint a Delaware corporation actually doing business in the State of California.

17.     Defendant CEI is and has been an "employer" of Plaintiff and the class under the meaning of the California Labor Code, common law, and the applicable IWC Wage Orders at all relevant times.

18.     Defendant COX COMMUNICATIONS, INC. ("CCI") is now and/or at all times mentioned in this Complaint a Delaware corporation actually doing business in the State of California.

19.     Defendant CCI is and has been an "employer" of Plaintiff and the class under the

4

SECOND AMENDED COMPLAINT

meaning of the California <u>Labor Code</u>, common law, and the applicable IWC Wage Orders at all relevant times.

20.     Plaintiff does not know the true names and capacities of Defendants sued herein as "DOES 1-100, inclusive," and therefore sues these Defendants by such fictitious names. Defendants, including each fictitiously named DOE Defendant, owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff and the Class members. Defendants, including DOES 1-100, held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal wage and hour practices, payroll practices, and policies for Defendants which have damaged Plaintiff and the Class members. Therefore, Defendants and DOES 1-100, are "employers" as a matter of law and personally liable on the causes of action alleged herein. Plaintiff will seek leave of the court to amend this complaint to allege such names and capacities as soon as they are ascertained.

21.     Plaintiff is informed and believe and thereon allege that all Defendants, including the fictitious DOE Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures of all other Defendants. The actions of Defendants, their officers, managers, supervisors, agents, and other employees of Defendants against Plaintiff and all others similarly situated were ratified by Defendants.

22.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.  Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

23.     Plaintiff further alleges that all respective Defendants complained of herein are in some manner vicariously, statutorily or otherwise liable for the acts and/or omissions of the other Defendants likewise complained of herein, jointly and severally, whether by virtue of a statutory, officer, director, agency, managing agency, employment, joint employer, indirect employer, co-

SECOND AMENDED COMPLAINT

conspirator, aider or abettor, partnership, alter ego, association and/or joint venture relationship, affiliation or otherwise, each acting within the course and scope of such relationship(s) with actual and/or apparent authority to do so, directing, controlling, ratifying or otherwise furthering the acts and/or omissions herein complained of.

24.     At all relevant times alleged herein Plaintiff and the Class were employed by Defendants in State of California.

25.     Defendants personally profited by keeping wages that were owed to Plaintiff and the Class under California's wage and hour laws, and Defendants obtained an unfair competitive advantage over law-abiding businesses by not paying Plaintiff and the Class according to the legal minimum standards.

26.     All allegations in this complaint, except as to the facts relating to Plaintiff that are based upon their knowledge, are based upon information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations are made in the alternative.

### IV.     COMMON FACTUAL AND CLASS ALLEGATIONS

27.     Plaintiff brings this lawsuit on behalf of himself and the proposed Class, which is made up of all California persons who are current and former employees of Defendants, who work or worked as non-exempt hourly employees from four (4) years prior to the filing of this action to class certification and who provided installation and maintenance services. Plaintiff and the Class members seek, without limitation, damages, unpaid wages, restitution, injunctive relief, declaratory relief, penalties, liquidated damages, interest, costs, and attorneys' fees to remedy Defendants' violations of wage and hour laws and unfair business practices in providing internet, cable television, and phone services.

28.     Throughout the Class Period, Plaintiff and all class members were and are employees of Defendants, entitled to all of the protections afforded to employees under the Labor Code and applicable IWC Wage Orders.

29.     Defendants' primary business is providing services such as internet, cable, television and phone services to residential and commercial customers throughout the state of

California.

30.     Throughout the Class Period, Defendants knowingly and willfully engaged and continue to engage in an unlawful scheme to avoid complying with California wage and hour laws and other state employee rights and benefits.  While employed by Defendants as hourly non-exempt employees, Plaintiff and the Class members routinely worked in excess of eight (8) hours per day and/or forty (40) hours per week. While employed by Defendants as hourly non-exempt employees, Plaintiff and the Class members routinely worked in excess of twelve (12) hours per day.

31.     During the Relevant time period, Defendants failed to pay Plaintiff and Class members for all hours worked. Defendants did not pay Plaintiff and the Class members' minimum wages, straight time wages, and overtime and double time wages in accordance with the law.

32.     Throughout the Class Period, Plaintiff and Class members worked in excess of eight (8) hours per work day or forty (40) hours per work week. Defendants failed to pay current and former non-exempt hourly employees one-and-one-half times their regular rate of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek. Defendants also failed to pay its current and former non-exempt hourly employees at a rate no less than twice the regular rate of pay for work in excess of twelve (12) hours in one day.

33.     Throughout the Class Period, Defendants used an illegal rounding practice that failed to pay California non-exempt hourly employees for all hours worked, meaning the time during which Plaintiff and the class members were subject to the control of Defendants, including all the time Plaintiff and the class members were suffered or permitted to work, whether or not required to do so.

34.     Throughout the Class Period, Defendants failed to authorize and permit legally compliant meal breaks. Plaintiff and Class members were often forced to work in excess of ten (10) hours, due to Defendants' assigned shifts and workload, without a second uninterrupted thirty (30) minute meal break at the direction of Defendants without exemption.  Plaintiff and the class consistently worked over five (5) hour shifts without meal periods due to Defendants' policy of discouraging, dissuading and/or impeding Plaintiff and the Class from taking meal

SECOND AMENDED COMPLAINT

periods.

35.     Throughout the Class Period, Defendants willfully failed to provide accurate wage statements to Plaintiff and the class that included, but was not limited to, showing gross wages earned, total hours worked by the employee, net wages earned, and all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and meal period premium payments.  Further, Defendants provided electronic wage statements only without easy access to Plaintiff and the Class to convert the electronic statements into hard copies at no expense to the employee.

36.     Throughout the Class Period, Defendants failed to pay Plaintiff and all other class members who are no longer employed by Defendants all earned wages due upon separation, including meal period premiums.

37.     The underpayment of wages to the Plaintiff and the Class is a consequence of Defendants' unlawful policies and practices which were centrally devised, implemented, communicated, and applied to Plaintiff and all Class members.

38.     Because of Defendants' unlawful conduct, Plaintiff and Class members have been and continue to be systematically deprived of earned wages to which they are entitled by law and equity, and deprived of other benefits provided by the Labor Code and applicable IWC Wage Orders, to the detriment of himself, their families, and the public at large.

## Class Action Allegations

39.     Plaintiff brings this action on his own behalf and on behalf of the proposed Class, pursuant to California Code of Civil Procedure §382.

40.     Further, this action is brought for the benefit of the public, who are entitled to restitution of those funds improperly withheld by Defendants.

41.     The Classes which Plaintiff seeks to represent are composed of and defined as follows:

> All current and former California hourly non-exempt employees of Defendants for the period of July 25, 2015 through the date of class certification who provided installation and maintenance services for Defendants as a Universal Home Technician In-training, Universal Home Technician, Field Service Technician, Field Service Representative ("the Class").

SECOND AMENDED COMPLAINT

**Sub-Class 1**

All current and former California hourly non-exempt employees of Defendants, who provided installation and maintenance services for Defendants as a Universal Home Technician In-training, Universal Home Technician, Field Service Technician, Field Service Representative and who worked at least one (1) day, subject to Defendants' rounding policy and practice from four (4) years prior to the filing of this class action through the date of class certification. ("Rounding" Class).

**Sub-Class 2**

All current and former California hourly non-exempt employees of Defendants, who provided installation and maintenance services for Defendants as a Universal Home Technician In-training, Universal Home Technician, Field Service Technician, Field Service Representative and who worked at least one (1) day of more than 10 hours from four (4) years prior to the filing of this class action through the date of class certification. ("2nd Meal Break" Class).

**Sub-Class 3**

All current and former California hourly non-exempt employees of Defendants, who provided installation and maintenance services for Defendants as a Universal Home Technician In-training, Universal Home Technician, Field Service Technician, Field Service Representative, from one (1) year prior to filing of this class action through the date of class certification, who were provided a wage statement by Defendants and/or are members of Sub-Class 1 and/or 2. ("Wage Statement" Class).

**Sub-Class 4**

All current and former California hourly non-exempt employees of Defendants, who provided installation and maintenance services for Defendants as a Universal Home Technician In-training, Universal Home Technician, Field Service Technician, Field Service Representative and who worked at least one (1) day of more than 6 hours from four (4) years prior to the filing of this class action through the date of class certification. ("Late Meal Break" Class).

Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate times, or to propose or eliminate sub-classes, in response to facts learned through discovery, or otherwise.

42.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of the Code of Civil Procedure §382 and other applicable law.

43.     **Numerosity:** Plaintiff is informed and believes and on that basis alleges that the proposed Classes consist of over 50 people who are currently and formerly employed by Defendants in California as hourly non-exempt employees during the relevant time period. It is

possible to ascertain the number of former and current employees who are members of the proposed class, but they are so numerous that joinder is impracticable. The proposed Class includes future employees (persons who are hired by Defendant within the class period, but who are not now class members as current or former employees) whose joinder is currently impossible. The precise number of Class members and their addresses can be determined by Defendants business records and will become known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, e-mail, the internet, or published and posted notice.

44. **Typicality:** Plaintiffs' claims are typical of the claims of members of the proposed classes. Defendants employed Plaintiff during the statutory period, and Plaintiff have been subjected to Defendants' unlawful employment practices, as alleged in this Complaint.

45. **Adequacy of Class Representative: Plaintiff** will fairly and adequately protect the interests of the classes. Plaintiffs' interests do not conflict with Class members' interests, and Plaintiff have retained competent and experienced counsel. The interests of Class members will be fairly and adequately protected by Plaintiff and their counsel.

46. **Common Questions of Law and Fact:** Common questions of law and fact exist as to all Class members and predominate over any questions affecting solely individual members of the proposed Class:

    a. Whether Defendants violated the applicable <u>Labor Code</u> provisions including §§510, 1194, 1194.2 by failing to pay Plaintiff and the Class for all hours worked due to its rounding policy and practice;

    b. Whether Defendants improperly retained, appropriated or deprived Plaintiff and the Class members of the use of monies or sums to which they were legally entitled;

    c. Whether Defendants engaged in unfair business practices;

    d. Whether Defendants were participants in the alleged unlawful conduct;

    e. Whether Defendants engaged in a pattern or practice of failing to provide Plaintiff and the members of the Class legally compliant meal periods in violation of IWC Wage Order No. 4-2001 and Labor Code §§ 226.7, 512 by failing to timely

SECOND AMENDED COMPLAINT

provide and/or failing to provide the required number of 30-minute uninterrupted meal periods to Plaintiff and Class members;

f.   Whether Defendants engaged in unfair practice and violated California Business and Professions Code §17200 by failing to compensate Plaintiff and the members of the Class their full amount of overtime wages;

g.   Whether Defendants violated Labor Code §203 by failing to pay all wages due upon separation;

h.   Whether Defendants failed to provide accurate wage statements to Plaintiff and the members of the Class;

i.   Whether Defendants failed to provide hard copy wage statements to Plaintiff and the members of the Class that were easily accessible and converted at no expense to Plaintiff and the Class members; and

j.   The nature and extent of class-wide injury and measure of damages for the injury.

47.   **Superiority and Substantial Benefit:** A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants implemented an illegal scheme that is generally applicable to the members of the proposed plaintiff classes. Damages suffered by each Class member may be relatively small given the burden and expense of individual prosecution of the complex and expensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if Class members could afford such individual litigation, the court system could not. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

48.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Plaintiff is informed and believe, and on that basis allege, that the amount of money due each Class member as economic damages is ascertainable from Defendants' records, or may readily be determined by other means.

49.   The Classes should also be certified because:

a.   The prosecution of separate actions by individual Class members would

create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class members creates the risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or has refused to act on grounds generally applicable to the class and/or the general public, thereby making final and injunctive relief, as well as declaratory relief, with respect to the Class as a whole, appropriate.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE TO ILLEGAL ROUNDING**

**In Violation of <u>Labor Code</u> §§510, 1194, 1194.2 & IWC Wage Order No. 4-2001**

50. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 49 of this Complaint.

51. <u>Labor Code</u> §510 mandates: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work."  The California overtime requirement and wage requirement are non-waivable rights pursuant to <u>LC</u> §219.

52. Plaintiff and Class members were entitled to receive not less than minimum wage

12

**SECOND AMENDED COMPLAINT**

for all hours worked.

53.     Labor Code §1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

54.     Labor Code §1194.2 provides: "In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

55.     Further, pursuant to Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

56.     Pursuant to the Labor Code and applicable Wage Order, Defendants are required to pay the members of the Rounding Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

57.     Plaintiff is informed, believes, and thereon alleges that Defendants' rounding policy and practice, in conjunction with its attendance policy, resulted in compensable hours worked by Plaintiff and the Class members which were unpaid.  Defendants have an unlawful rounding policy that disproportionately impacts hourly employees which results in lost wages for hourly employees for all hours worked.

58.     Because Defendants required the members of the Rounding Class to remain under Defendants' control without paying therefore, this resulted in the members of the Rounding Class earning less than the legal minimum wage and/or overtime and/or double time for all hours worked.

59.     During the relevant statutory time period, Defendants systematically, routinely, and willfully failed to pay Plaintiff and Class members regular, minimum wages, overtime and double time wages due to its illegal rounding policy and practice.

60.     Defendants' rounding policy is designed in such a way that it deprives Plaintiff

13
SECOND AMENDED COMPLAINT

and the Class members of all wages for all time worked.  As a result of the Defendants' unfair rounding system Plaintiff and all class members have been systematically underpaid during the relevant time period.  Plaintiff is informed and believes and thereon alleges that he and the Class were not paid for all time worked.

61.     Defendants' pattern, practice and uniform administration of the corporate policy regarding illegal employee compensation as described herein is unlawful and, pursuant to Labor Code §§ 218, 218.5, 510, 1194, 1194.2, Plaintiff and the members of the Rounding Class are entitled to recover in a civil action the unpaid balance of the full amount of wages owing, calculated at the appropriate rate and liquidated damages for failure to pay the minimum wage.

62.     As a direct result, Plaintiff and the Class members have suffered, and continue to suffer, substantial damages in an amount to be proven at trial, and are entitled to all appropriate legal remedies provided by the California Labor Code and IWC Wage Orders, including unpaid wages, liquidated damages, interest, attorneys' fees and costs of suit.

63.     Pursuant to Labor Code §§ 218.6, 1194, and 3287, the members of the Rounding Class seek recovery of pre-judgment interest on all amounts of unpaid wages recovered herein.

64.     Plaintiff, and the class, are entitled to and seek attorneys' fees and costs, and interest pursuant to LC §§ 218.5 and 1194 in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### In Violation of Labor Code §§226.7, 512, & IWC Wage Order No. 4-2001

(Against all Defendants on Behalf of Plaintiff and the Class)

65.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 49 of this Complaint.

66.     Labor Code §226.7 requires an employer to pay one additional hour of compensation, at the regular rate of pay, per day for each meal period the employer fails to provide pursuant to the Labor Code and/or applicable Wage Order.  Plaintiff allege that Defendants failed to provide legally compliant meal periods to Plaintiff and the Class members; in addition to impeding, discouraging, and/or dissuading employees from taking legally compliant meal periods.  Employees are entitled to a meal period of at least thirty (30) minutes

per five (5) hours work period.  Plaintiff and the class consistently worked over five (5) hour shifts without meal periods due to Defendants' policy of discouraging, dissuading and/or impeding Plaintiff and the Class from taking meal periods.  Defendants further failed to obtain legally compliant meal period waivers for shifts lasting longer than 10 hours or on-duty meal period agreements.  Pursuant to the Code, Plaintiff and the Class were/are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment and a second meal period for hours worked over ten (10) in a day.

67.     Pursuant to Labor Code §512 and the applicable Wage Order, employees are entitled to a second meal period of at least thirty (30) minutes for hours worked over ten (10) in a day.  Plaintiff and the Class consistently worked over ten (10) hour shifts without a second meal period due to Defendants' policy of discouraging, dissuading and/or impeding Plaintiff and the Class members from taking meal periods.

68.     IWC Wage Order No. 4-2001 applies Defendants and provides, in pertinent part, that if an employer fails to allow an employee to take meal periods in accordance with the applicable provisions of this Order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

69.     During the relevant statutory time period, Defendants failed to authorize and permit uninterrupted second meal breaks. Plaintiff and Class members were routinely required to work without an uninterrupted second meal break at the direction of Defendants and/or with Defendants knowledge or acquiescence.

70.     During the relevant statutory time period, Defendants failed to authorize and permit meal breaks prior to the 5th hour of work. Plaintiff and the class consistently worked over five (5) hour shifts without meal periods due to Defendants' policy of discouraging, dissuading and/or impeding Plaintiff and the Class from taking meal periods before the 5th hours with Defendants knowledge or acquiescence.

71.     By its actions in requiring employees to work through meal periods and/or its failure to relieve Plaintiff and the Class members of their duties for off-duty meal periods, Defendants have violated California Labor Code §226.7 and §11 of IWC Wage Order No. 4-

2001 and are liable to Plaintiff and the Class.

72.     Defendants further failed to provide, impeded and/or discouraged Plaintiff and the other class members from taking timely and compliant meal breaks of not less than thirty (30) minutes as required by the <u>Labor Code</u> and IWC Wage Order No. 4-2001.  During the Relevant time period Defendants failed to obtain legal waivers waiving the second meal period or providing for an on-duty meal period.

73.     Pursuant to <u>Labor Code</u> §226.7, Plaintiff and the Class are entitled to damages in an amount equal to one (1) hour of wages at the regular rate of pay per missed meal break per day, in a sum to be proven at trial.

**<u>THIRD CAUSE OF ACTION</u>**

**FAILURE TO PAY ALL WAGES DUE AT SEPARATION**

**In Violation of <u>Labor Code</u> §§200, *et seq.***

(Against all Defendants on Behalf of Plaintiff and the Class)

74.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 49 of this Complaint

75.     Plaintiff and the members of the class whose employment ended with Defendants during the class period, were entitled to be promptly paid all earned and unpaid wages at or around the time employment was terminated, as required pursuant to <u>Labor Code</u> §§201 and 202. Defendant refused and/or failed to promptly compensate Plaintiff and the other class members all earned minimum wages, overtime wages, and/or meal and/or rest period premium pay at the time of separation.  Based on this, Plaintiff and the Class members seek statutory waiting time penalties pursuant to <u>LC</u> §203.

76.     During the Relevant time period, Plaintiff and all other similarly situated employees were employees of Defendants covered by <u>Labor Code</u> §203 whose employment ended with Defendants and were not paid all earned wages based on Defendants' rounding policy and practice and failure to pay meal period premiums.

77.     Accordingly, pursuant to <u>Labor Code</u> §203, Plaintiff and the class are entitled to waiting time penalties at an amount to be proven at trial, attorneys' fees and costs, and interest.

SECOND AMENDED COMPLAINT

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §226**

(Against all Defendants on Behalf of Plaintiff and the Class)

78.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 49 of this Complaint.

79.     California Labor Code §226 provides:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...

80.     Labor Code §226(e) provides that an employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation of §226 occurs and one hundred dollars ($100) for each subsequent pay period not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide timely and accurate itemized statements to the employees showing the gross wages earned by each of them as well as the applicable hourly rates at the corresponding hours worked.

81.     During the statutory time period, Defendants knowingly and intentionally failed to provide its non-exempt employees such as Plaintiff, and all others similarly situated, with wage statements reflecting the hours actually worked, gross wages earned, net wages earned, the applicable hourly rates at the corresponding hours worked, and/or meal period premium pay.

82.     The class members suffered injury as a result of Defendants' knowing and

intentional failure to provide Plaintiffs and Class members with accurate itemized wage statements during the relevant time period as the Class, including Plaintiff, were owed but not paid minimum wage and overtime compensation for all hours worked, and premium payments for meal and rest periods which were not reflected on the wage statements.  Plaintiff and the class suffered injury as a reasonable person could not promptly and easily determine from the wage statements alone the accurate amount of gross wages, the hours worked, or the net wages earned for the pay period and/or the applicable hourly rates at the corresponding hours worked.

83.    Plaintiffs and the class seek penalties pursuant to Labor Code §226(e), in an amount to be determined at trial, and also seek costs and reasonable attorneys' fees pursuant to Labor Code §226(e).

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION

### In Violation of Business and Professions Code §§17200 et seq.

(Against all Defendants on Behalf of Plaintiff and the Class)

84.    Plaintiff and the class re-allege and incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

85.    Beginning on an exact date unknown to Plaintiff but believed to have occurred at least since four (4) years before the filing of this action, Defendants have engaged in a pattern and practice of acts of unfair competition in violation of B&PC §17200, including the practices alleged herein.

86.    Defendants, and each of them, are "persons" as defined by Business and Professions Code §17201.

87.    Plaintiff seeks to enforce important rights affecting the public interest. Plaintiff sues on his own behalf and on behalf of the current, former, and future employees of the Defendants that were denied double time pay, overtime pay, regular wages and minimum wages, required to work shifts without legally compliant meal breaks and rest periods and as parties harmed by Defendants unfair business practices.

88.    Plaintiff and the Class have suffered injuries-in-fact and have lost money as a

1   result of the Defendants' unfair competition alleged herein.

2       89.     Defendants have previously or continue to engage in unlawful, unfair, and/or

3   fraudulent business practices, as alleged in this Complaint, in violation of California's B&PC

4   §17200 *et seq.* by:

5           a.   Failing and refusing to pay the class, including Plaintiff, minimum wages for all

6               hours worked in violation of Labor Code §§510, 1194, 1194.2, &1197 and IWC

7               Wage Order No. 4-2001;

8           b.   Failing and refusing to pay the class, including Plaintiff, earned overtime and

9               double time wages in violation of Labor Code §§510 and 1194 and IWC Wage

10              Order No. 4-2001; and

11          c.   Failing and refusing to provide the class, including Plaintiff, with meal and rest

12              breaks or premium payments in lieu thereof in violation of Labor Code §§226.7,

13              512 and IWC Wage Order No. 4-2001;

        90.     All of these allegations constitute unfair business practices and/or unlawful

14  business practices in violation of California B&PC §17200, *et seq.*

15      91.     Defendants have avoided payment of minimum wages, overtime wages, double

16  time wages and other benefits as required by the California Labor Code, the California Code of

17  Regulations and applicable IWC Wage Orders.  As a result of Defendants' unfair business

18  practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff,

19  and others similarly situated, and the members of the public.  Defendants should be made to

20  disgorge their ill-gotten gains and to restore them to the Class, including Plaintiff.

21      92.     Plaintiff and the putative class seek full restitution of said monies, as necessary

22  and according to proof, to restore any and all monies withheld and/or acquired by Defendants by

23  means of the unfair, unlawful, and fraudulent business practices complained of herein. Plaintiff

24  seeks, on behalf of all current and former employees of Defendants, restitution of monies

25  retained by Defendants. Plaintiff further seek, on behalf of himself and the putative class, the

26  appointment of a receiver, as necessary, to establish the total restitutionary relief from

27  Defendants. The restitution includes all wages withheld by Defendants as a result of the unfair,

28  unlawful, and/or fraudulent business practices; including interest thereon. Absent a statutory

provision specifically governing the type of claim at issue, the prejudgment interest rate is 10 percent. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of this action.

93.     Plaintiffs is informed and believe and thereon allege that at all times herein mentioned, Defendants have engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC §17200, thereby depriving their employees and the putative class, the minimum working condition, standards and conditions due to them under the California labor laws and Industrial Welfare Commission wage orders as specifically described herein.  Plaintiff further seeks an order requiring Defendants to identify by full name, telephone number, and last known address for all California non-exempt employees who worked or still work for Defendants from four (4) years preceding the filing of the original Complaint through the date of class certification.  Plaintiff further seeks an order requiring Defendants to timely pay restitution to all current and former employees, including back wages, and interest.

94.     By and through its unfair, unlawful, and/or fraudulent business practices and acts described herein, Defendants have obtained valuable services from Plaintiff and all persons similarly situated and has deprived Plaintiff and all persons similarly situated of valuable rights and benefits guaranteed by law, all to their detriment.

95.     Plaintiff, and all persons similarly situated, and all persons in interest, are entitled to and do seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiff and Class members have been deprived by mean of the herein described unfair, unlawful, and/or fraudulent business practices.

96.     Plaintiff, and all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above described business practices are unfair, unlawful, and/or fraudulent, and declaratory relief of Defendants engaging in any of the herein described unfair, unlawful, and/or fraudulent business practices.

97.     Plaintiff and the Class request attorney's fees and costs pursuant to Code of Civil Procedure §1021.5 since this action is brought to vindicate important rights of a large class and the public.

SECOND AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION

### PRIVATE ATTORNEYS GENERAL ACT

### Violation of Labor Code §§2698, *et seq.*

(Against all Defendants)

98.     Plaintiff on behalf of himself and on behalf of all other aggrieved employees herein re-alleges and incorporates each and every one of the allegations contained in the preceding paragraphs as if fully set forth herein.

99.     Labor Code §§2698-2699, the Labor Code Private Attorney General Act of 2004, provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (LWDA), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of himself or herself, and collectively on behalf of all other current or former employees.

100.     Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees, has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

101.     Plaintiff and Defendants' non-exempt hourly employees who provided installation and maintenance services for Defendants as a Universal Home Technician In-training, Universal Home Technician, Field Service Technician, Field Service Representative are "aggrieved employees" as defined by Labor Code §2699, in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

102.     Plaintiff gave written notice electronically to the LWDA, and by certified mail to Defendants of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code §2699.3.  More than 65 days has lapsed since notice to the LWDA and the LWDA has not responded to Plaintiff's notice. Accordingly, Plaintiff may commence a civil action to recover civil penalties for himself and other current and former employees under Labor Code §2699 pursuant to §2699.3.

SECOND AMENDED COMPLAINT

103.    Plaintiff asserts all of the claims in this Complaint against Defendants, individually and on behalf of the aggrieved employee class in his capacity as a private attorney general and seeks all applicable civil penalties available under the Labor Code for these alleged violations.

104.    Pursuant to Labor Code §2699, Plaintiffs, individually and on behalf of the aggrieved employee class, request and seek to recover from the Defendants; unpaid overtime and double time wages at the regular rate of pay, meal period premiums, waiting time penalties, wage statement violations and penalties according to proof. Plaintiff is further entitled to attorneys' fees and costs pursuant to Labor Code §2699(g)(1), as well as all civil penalties, including, but not limited to:

1) Penalties under Code of Regulations, Title 8 §11090 in the amount of $50 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

2) Penalties under Labor Code §256, in addition to and entirely independent and apart from other penalties provided in the Labor Code, including Labor Code §203, for any aggrieved employee who was discharged or quit, and was not paid all earned wages at termination in accordance with Labor Code §§201, 201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of pay for each day that the aggrieved employee was paid late, until payment was/is made, up to a maximum of thirty (30) days;

3) Penalties under Labor Code §558, in addition to and entirely independent and apart from other penalties provided under the Labor Code, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, with all wages recovered pursuant to Labor Code §558 provided to the affected employees;

4) Penalties under Labor Code §226.3, in addition to and entirely independent and

apart from other penalties provided in the Labor Code, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

5) Penalties under Labor Code §1197.1, in addition to and entirely independent and apart from other penalties provided in the Labor Code, as follows:

    i.   For any initial violation that is intentionally committed, $100 for each underpaid employee for each pay period for which the employee is underpaid;

    ii.   For each subsequent violation for the same specific offense, $200 for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed; and

    iii.   Any and all wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to Labor Code §1197.1 to be paid to the affected employee;

6) Penalties under Labor Code §2699(f), in addition to and entirely independent and apart from other penalties provided in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

105.    Any and all additional civil penalties and sums as provided by the Labor Code and/or other statutes.

106.    Plaintiff seeks and is entitled to have 75% of all penalties obtained be allocated to the LWDA and 25% to aggrieved employees.

107.    Further, Plaintiff is entitled to seek and recover reasonable attorney's fees and costs pursuant to Labor Code §§2699(g)(1).

## **PRAYER FOR RELIEF**

Plaintiffs, the Class members, and the Aggrieved Employees pray for judgment as follows:

1.    An order that the action be certified as a class action;

2. An order that Plaintiff be appointed class representatives;

3. An order that counsel for Plaintiff be appointed class counsel;

4. An order requiring Defendants to identify, by name, address and telephone number each person who worked as a California hourly non-exempt employees of Defendants for the period of July 25, 2015 through the date of class certification who provided installation and maintenance services for Defendants as a Universal Home Technician In-training, Universal Home Technician, Field Service Technician, Field Service Representative

5. For all unpaid wages due to Plaintiff and each Class member and liquidated damages, in amounts to be proven at trial;

6. For all unpaid overtime and double time wages due Plaintiff and each Class member pursuant to Labor Code §1194 and the Wage Order;

7. For the full amount of unpaid minimum wages and liquidated damages due Plaintiff and each Class member pursuant to Labor Code §§ 1194 and 1194.2 and Wage Order;

8. For restitution of all unpaid wages due Plaintiff and each Class member;

9. For all applicable statutory penalties, in amounts to be proven at trial;

10. For all applicable civil penalties, in amounts to be proven at trial;

11. For an award of waiting time penalties pursuant to section 203 of the California Labor Code, in amounts to be proven at trial;

12. For an award of statutory penalties pursuant to section 226(e) of the California Labor Code, in amounts to be proven at trial;

13. For general damages including compensatory damages according to proof;

14. For pre-judgment interest as allowed by Labor Code §§218.6 and 1194(a) as well as Cal. Civil Code §3287 and to the extent permitted by law, the California Constitution, and/or deemed equitable by the Court;

15. For all applicable interest on damages, wages, expenses, and penalties due;

16. For injunctive relief to prevent further violations of the California Labor Code;

17. For declaratory relief that Defendants engaged in unfair practices;

18. For declaratory relief that Defendants violated Labor Code §§201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197;

19. For restitution of all moneys due to Plaintiffs and Class members, and disgorged profits from the unlawful and/or unfair business practices of Defendants, pursuant to California Business & Professions Code §17200;

20. For costs of suit, expenses and attorneys' fees pursuant to Labor Code §§218.5, 226(f), 1194(a), 2699(g)(1), and Code of Civil Procedure §1021.5;

21. For one (1) hour of pay at each of the employees' regular rate of compensation for each workday that a legally compliant meal break was not provided, impeded, discouraged, and/or dissuaded pursuant to Labor Code §226.7 and the Wage Order;

22. On behalf of Plaintiff and all other aggrieved employees and the LWDA, for all civil penalties authorized by LC §2699, including but not limited to:

    a) For civil penalties per LC §226.3 in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee per pay period for each subsequent violation;

    b) For civil penalties per LC §256 in the amount of one day of pay, at the same rate, for each day that an aggrieved employee was paid late, at the time of termination, until payment was/is made, up to a maximum of thirty (30) days;

    c) For civil penalties pursuant to LC §558 as follows:

        i. For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

        ii. For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages;

        iii. For any and all unpaid wages that shall be paid to the affected employees;

    d) For civil penalties per Code of Regulations, Title 8 §11090 in the amount of $50 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

    e) For civil penalties per Labor Code §1197.1, in the amount of:

        i. $100 for each underpaid employee for each initial pay period for which

SECOND AMENDED COMPLAINT

the employee was intentionally underpaid;

ii.   $200 for each underpaid employee for each subsequent pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed; and

iii.   Any and all wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to Labor Code §1197.1 to be paid to the affected employee;

f)   For civil penalties under LC §2699(f), in addition to and entirely independent and apart from other penalties provided in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation, and;

23. For all such other and further relief that the Court may deem just and proper.

Dated: 2/6/2020                    THE MYERS LAW GROUP, A.P.C.


By:   ___/s/Jason Hatcher_____
        David P. Myers,
        Justin M. Crane,
        Jason Hatcher
        Attorney for Plaintiff and others
        similarly situated

SECOND AMENDED COMPLAINT