UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2002 JVS (JDEx) | Date | August 27, 2021 |
| Title | Christone Feltzs v. Cox Communications Cal., LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS] Order Regarding Motion to Strike**

Defendants Cox Communications California, LLC ("Cox California") and Cox Communications, Inc. ("Cox Communications") (together, "Cox") filed a motion to strike the PAGA representative meal period claim. Mot., Dkt. No. 59. Plaintiff Christone Feltzs ("Feltzs") filed an opposition. Mot., Dkt. No. 61. Cox replied. Reply, Dkt. No. 62.

For the following reasons, the Court **DENIES** the motion to strike the PAGA representative meal period claim.

## I. BACKGROUND

Cox is one of the nation's primary cable companies. Serrano Decl., Dkt. No. 35- 3 ¶ 2. Cox employs Universal Home Technicians ("Technicians") to support its residential cable customers. Id. Technicians perform services such as installing and troubleshooting issues concerning residential internet, telephone, and video service. Id. Technicians work in the field at customer residences without direct supervision. Id. During the relevant time period for this action, Cox employed more than 500 Technicians in California. Id. These Technicians serviced customers in San Diego, Orange County, Los Angeles, and Santa Barbara. Id.

Cox conducted time and motion studies to assess how much time different common tasks that Technicians perform typically require. Id. ¶ 3. Based on these studies, Cox assigned a certain number of "points" to different types of assignments, with each point representing five minutes of expected work. Id. In the event a project takes longer than expected based on its assigned points, the Technician can contact a dispatcher for assistance or to reassign other work. Id. Cox does not discipline employees for having too few points completed in a day, but it generally expects

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2002 JVS (JDEx) | Date | August 27, 2021 |
| Title | Christone Feltzs v. Cox Communications Cal., LLC, et al. | | |

Technicians to average about 100 points of work per 10-hour shift, which translates into about 50 minutes of productivity per hour. Id.

    At all times relevant to this action, Cox has scheduled appointments for Technicians in windows of time, which are typically 8:00 to 10:00 a.m., 1:00 to 3:00 p.m., and 3:00 to 5:00 p.m. Id. ¶ 4. No appointments are scheduled from noon to 1:00 p.m. to facilitate Technicians having an opportunity to take a one-hour off-duty meal period starting in the first five hours of their shift (the shift typically starts at 7:45 a.m.). Id. Technicians are given discretion regarding when in those first five hours they will start their meal period, and they are not required to take it precisely from noon to 1:00 p.m. Id. If necessary, they are also authorized to stop working in the middle of an assignment to take a one hour off duty meal period and then return to finish afterwards. Id. Supervisors discuss the meal and rest period rules periodically during weekly meetings with Technicians. Id. ¶ 5. Although Technicians are always permitted to start their meal period within the first five hours of a shift, if a Technician believes that he needs to work through a meal period to address a customer issue, Cox will pay the Technician an hour of pay on any day that the Technician indicates he or she was unable to take a compliant meal period. Id. ¶ 6. The same is true for an inability to take a compliant paid rest period. Id. 7.

    Technicians often work more than 10 hours in a day, although it is rare for them to work more than 12 hours in a day. Id. ¶ 7. Technicians have the option—and the vast majority take the option—of signing an advanced written waiver of the right to take a second off-duty meal period on those days where they work 10-12 hours in a workday. Id. Except in situations where they have agreed to waive a second meal period, Technicians have the right to take a second off-duty meal break of at least 30 minutes in any shift in excess of 10 hours. Id.

    At all relevant times, Cox has rounded non-exempt employee time entries recorded in the timekeeping system to the nearest 15-minute increment. Kavanagh Decl., Dkt. No. 35-3 ¶ 4. Thus, for example, a clock entry of either 7:57 a.m. or 8:03 a.m. would be rounded to 8:00 a.m. Id.

    Cox operates under an honor system with respect to Technician time tracking. Id. ¶ 7. Technicians enter their time through an app on their Cox phones or tablets. Id. They also certify the accuracy of their time each pay period, which includes an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2002 JVS (JDEx)                                Date  August 27, 2021

Title  Christone Feltzs v. Cox Communications Cal., LLC, et al.

acknowledgment that they recorded their hours accurately and notified their managers if they were unable to take their meal or rest periods. Id.

On March 26, 2018, Cox hired Feltzs as a Technician trainee. Feltzs Depo., Dkt. No. 35-3, at 13-14, 30. Feltzs spent the first month in classroom training, and then spent the next three months in field training working with and shadowing other Technicians. Id., at 35, 57-59. Cox discharged Feltzs effective July 31, 2018 before he finished his training. Id., at 13-14.

On July 26, 2019, Feltzs filed a Class Action Complaint in Orange County Superior Court asserting the following claims for: (1) violation of Labor Code §§510, 1194, 1194.2, and Wage Order 4-2001; (2) violation of Labor Code §§226.7, 512, and Wage Order 4-2001; (3) violations of Labor Code §§200, *et seq.*; (4) violation of Labor Code §226 (waiting time penalties); and (5) violations of Cal. Bus. & Prof. Code §§17200, *et seq.* See Notice of Removal., Dkt. No. 1. On October 16, 2019, Feltzs filed a First Amended Complaint ("FAC") adding a Private Attorneys General Act ("PAGA") claim pursuant to Labor Code §§2699, *et seq*. Id. On October 18, 2019, Cox removed the case to this Court. Id. On February 18, 2020, Feltzs filed a Second Amended Complaint ("SAC"). See SAC, Dkt. No. 18. On June 1, 2021, the Court granted a motion to certify the class with respect to the time shaving/rounding and wage statement clams and denied a motion to certify the class with respect to meal period issues. See Order, Dkt. No. 56.

## II. Legal Standard

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 19-2002 JVS (JDEx)                                Date   August 27, 2021

Title      Christone Feltzs v. Cox Communications Cal., LLC, et al.

proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted).

Therefore, courts frequently require the moving party to demonstrate prejudice "before granting the requested relief, and 'ultimately whether to grant a motion to strike falls on the sound discretion of the district court.'" Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002)).

### III. DISCUSSION

*i. Validity of the Motion to Strike*

First, Plaintiffs argue that the motion is to strike is untimely and improper under Rule 12(f). Opp'n at 5. The text of Rule 12(f) states that a court may act "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FRCP Rule 12(f)(2). Where, as here, defendants have already responded to a pleading, some courts have denied motions to strike on the grounds that they are untimely. See, e.g., Medlock v. Taco Bell Corp., No. 1:07-cv-01314, 2014 WL 2154438, at *2 (E.D. Cal. May 22, 2014) (denying motion to strike as untimely and improper); Castro v. PPG Industries, Inc., No. CV 20-2110 PA, 2021 WL 99724, at *7 (C.D. Cal. Jan. 8, 2021) (denying motion to strike as untimely when defendants responded to complaint seven months earlier).

Defendants respond that their motion to strike does not rely on Rule 12, but instead on the inherent powers courts have to control their processes. Reply at 2. "District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 136 S. Ct. 1885, 1892 (2016).

While Feltzs is correct that this motion would be untimely if Cox sought relief under Rule 12(f)(2), Cox never invoked Rule 12 as part of the motion to strike. See Mot. at 10-11. Other courts have granted similar motions at similar procedural stages. See, e.g., Amiri v. Cox Communications California, 272 F. Supp. 3d 1187 (C.D. Cal. 2017)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2002 JVS (JDEx)                      Date  August 27, 2021

Title  Christone Feltzs v. Cox Communications Cal., LLC, et al.

(granting motion to strike more than eighteen months after answer filed); Lopez v. Liberty Mutual Insurance, No. 2:14-cv-05576-AB-JCx, 2020 WL 1189841 (C.D. Cal. Feb. 11, 2020) (granting motion to strike more than five years after answer filed). Striking the claim in this manner may be disfavored, but it is within the powers of the court.

Accordingly, the Court declines to deny the motion to strike based on procedural grounds.

*ii. Manageability*

Cox argues that the motion to strike should be granted because allowing any unmanageable claim to proceed to trial is a violation of the defendants' due process rights. Mot. at 10. They rely on the court's "inherent powers" to achieve orderly disposition of cases, Dietz, 136 S.Ct. at 1891, and the due process requirement that an individual must have "an opportunity to present every available defense." Philip Morris USA v. Williams, 549 U.S. 346, 353 (2007) (internal quotations omitted). Instead of seeking to read a manageability requirement into the PAGA statute, they argue that the same due process concerns that require class actions to consider manageability apply equally in the context of PAGA. Mot. at 12.

In response, Foltzs argues that the purpose of PAGA would be thwarted by imposing a manageability requirement. Reply at 11-15. PAGA is intended "to supplement enforcement actions by public agencies," such that a plaintiff suing under PAGA is doing so "as the proxy or agent of the state's labor law enforcement agencies." Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009). In light of the purpose of the PAGA statute, this Court has previously held that the PAGA statute does not have a manageability requirement. See Jordan v. NCI Group, Inc., No. EDCV 16-1701 JVS (SPx), 2017 WL 182122, at *5 (C.D. Cal. Mar. 22, 2017); Silva v. Domino's Pizza, No. SACV 18-2145 JVS, 2019 WL 4187388, at *6 (C.D. Cal. July 22, 2019). "Holding that individualized liability determinations make representative PAGA actions unmanageable, and therefore untenable," would be inconsistent with PAGA's purpose, because it "would impose a barrier on such actions that the state law enforcement agency does not face when it litigates those cases itself." Tseng v. Nordstrom, Inc., No. CV11-8471-CAS, 2016 WL 7403288, at *5 (C.D. Cal. Dec. 19, 2016) (internal quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-2002 JVS (JDEx)   Date  August 27, 2021

Title  Christone Feltzs v. Cox Communications Cal., LLC, et al.

    Cox presents a slightly different question, claiming that due process requires determining whether representative PAGA claims are manageable. Other courts have found similar arguments unavailing because a plaintiff's recovery is still limited by the requirement to prove every Labor Code violation. See Alcantar v. Hobart Service, No. ED CV 11-1600 PSG, 2013 WL 146323, at *3 (C.D. Cal. Jan. 14, 2013). The lack of a "viable plan for proving violations as to all employees . . . merely means that [plaintiff] may ultimately be unable to prove [his] case." Henderson v. JPMorgan Chase Bank, No. CV 11-3428 PSG, 2013 WL 12126772, at *6 (C.D. Cal. July 10, 2013). Regardless of whether the manageability requirement comes from the statute or due process, it would have a significant impact on PAGA actions. Denying claims where individualized assessment is required "would obliterate" the purpose of PAGA because "every PAGA action in some way requires some individualized assessment regarding whether a Labor Code violation has occurred." Plaisted v. Dress Barn, No. 2:12-cv-01679-ODW, 2012 WL 4356158, *2 (C.D. Cal. Sept. 20, 2012).

    In support of their argument that a manageability requirement is appropriate outside of the class action context, Cox principally relies upon two cases brought under California's Unfair Competition Law (UCL) before it was amended to incorporate class action requirements. Mot. at 12-13. See Bronco Wine Co. v. Frank A. Logoluso Farms, 214 Cal. App. 3d 699, 715-21 (1989) (finding that award of restitution damages to nonparty growers raised due process concerns); South Bay Chevrolet v. General Motors Acceptance Corp., 72 Cal. App. 4th 861, 897 (1999) (finding that claims were not sufficiently uniform to allow representative treatment). While these cases support the proposition that manageability has relevance outside of Rule 23 class actions, they do not necessitate applying that requirement to PAGA claims. "Unlike claims under the UCL, which require an individualized determination of the particular restitution due to each plaintiff, PAGA claims require only a showing that a Labor Code violation has occurred." Alcantar, 2013 WL 146323, at *4. See Plaisted, 2012 WL 4356158 at *2 (finding the individualized assessment required in a PAGA action to be "nowhere close to the individualized and fact-intensive restitution calculations necessary under the UCL"). This Court agrees with that distinction and finds the comparison between the UCL and PAGA unpersuasive.

    Finally, Cox points to a Superior Court decision that granted a motion to strike PAGA claims where the state court trial judge found the trial plan unmanageable. Mot. at 17-18. This Court cannot base a decision on a theoretically favorable ruling from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-2002 JVS (JDEx) | Date | August 27, 2021 |
|---|---|---|---|

| Title | Christone Feltzs v. Cox Communications Cal., LLC, et al. |
|---|---|

California Court of Appeal that does not yet exist.

None of these arguments convinces this Court that imposing a manageability requirement is appropriate for a PAGA claim. PAGA claims are unique from class claims. The Ninth Circuit has stated that "Rule 23 and PAGA are more dissimilar than alike. A PAGA action is at heart a civil enforcement action on behalf of and for the benefit of the state, not a claim for class relief." Baumann v. Chase Investment Services Corp., 747 F.3d 1117, 1124 (9th Cir. 2017). The earlier determination that meal period class claims are unmanageable does not require a finding that the representative meal period PAGA claims are also unmanageable. See Zayers v. Kiewit Infrastructure West Co., No. 16-CV-06405 PSG, 2017 WL 7058141 (C.D. Cal. Nov. 9, 2017) (denying motion to strike representative PAGA claims on manageability grounds after denying class certification for the same claims that would potentially involve over 3,000 aggrieved employees).

Thus, the Court declines to find that due process requires striking the representative PAGA claim on manageability grounds.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to strike the PAGA representative claim for failure to provide meal periods. The Court finds that oral argument would not be helpful in this matter and **VACATES** the August 30, 2021 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**